IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM BRECK MCMULLAN                                    PETITIONER

v.                                                        CIVIL NO. 1:25-cv-5-HSO-RPM

SHERIFF JOHN LEDBETTER                                    RESPONDENT

## ORDER OF DISMISSAL

This matter is before the Court, sua sponte, for consideration of dismissal.
Pro se Petitioner William Breck McMullan brings this Petition for a Writ of Habeas
Corpus under 28 U.S.C. § 2241.   After reviewing McMullan's Petition [1],
Attachment [5], and Response [10], along with relevant legal authority, the Court
concludes that this case should be dismissed.

### I.    BACKGROUND

On January 6, 2025, McMullan filed a Petition for Writ of Habeas Corpus
under 28 U.S.C. § 2241, seeking his release from pretrial detention at the Jackson
County Adult Detention Center in Pascagoula, Mississippi.   Pet. [1].[1]   McMullan
challenges his indictment for felony driving under the influence and complains
about his defense counsel.   *Id*. at 6.[2]   McMullan claims, in part, that his counsel
failed to file "papers" related to a bond reduction.   *Id*.   On February 21, 2025,
McMullan submitted an Attachment [5] to his Petition stating that he is

---

[1]McMullan's request for monetary damages was severed from this case.   *See* Order [11].
[2]All citations to McMullan's filings refer to CM/ECF pagination.

scheduled for trial on February 25, and "will be amending the writ to a post [conviction] relief from a pre-trial writ."   Attach. [5] at 1.

A review of the court docket for the Circuit Court of Jackson County, Mississippi, reveals that on February 24, 2025, McMullan pleaded guilty to the charge of felony driving under the influence.[3]   Petition to Enter Guilty Plea, *State of Mississippi v. McMullan*, 30CI1:24-cr-10244-CT (Jackson Cnty. Cir. Ct. Feb. 24, 2025), MEC No. 48.   The trial court accepted McMullan's guilty plea and set his sentencing for a later date.   *See* Enter Plea Guilty, Continued for Sentence at 1, *State of Mississippi v. McMullan*, 30CI1:24-cr-10244-CT (Jackson Cnty. Cir. Ct. Feb. 24, 2025), MEC No. 49.

On April 2, 2025, McMullan filed a change of address reflecting that he is no longer detained at the Jackson County Adult Detention Center.   Notice of Change of Address [7].   He is now residing at the Pines & Cady Hill Recovery Center in Columbus, Mississippi.   *Id.*

In light of McMullan's plea of guilty, the Magistrate Judge entered an Order [6] requiring him to show cause why this case should not be dismissed as moot. After the entry of an additional Order to Show Cause [9], McMullan responded

---

[3] The Court takes judicial notice of the state court proceedings in McMullan's criminal case as available on the Mississippi Electronic Case (MEC) system.   *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (finding district court may take judicial notice of public state court records); *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (noting court "may take judicial notice of matters of public record"); *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995) (taking judicial notice of state court orders).

[10].    In his Response, McMullan argues that he should have been released from custody in August 2023, and states that he wants to continue with this habeas petition.    Pet'r's Resp. [10] at 1.

## II.    DISCUSSION

### A.    28 U.S.C. § 2241

A pretrial detainee's suit challenging his incarceration is properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."    *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (citation omitted).

McMullan filed this habeas petition on January 6, 2025, claiming that he was unlawfully detained at the Jackson County Adult Detention Center for a pending felony DUI charge.    McMullan is no longer incarcerated at the Jackson County Adult Detention Center, and he has pleaded guilty to the felony DUI charge.

This Court is obliged to raise the subject of mootness sua sponte.    *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).    A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."    *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (noting that an actual controversy must exist at all stages of federal court proceedings).    A

3

case is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citations omitted).

Because McMullan pleaded guilty to the pending criminal charge, this Court can no longer provide him with his requested relief. *See Bello v. United States*, No. 24-40569, 2025 WL 1029768, at *1 (5th Cir. Apr. 7, 2025) ("Insofar as Bello seeks release from his pretrial detention, we cannot grant him any effectual relief because he is no longer in pretrial detention."). McMullan's § 2241 habeas petition is therefore moot. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that a conviction during pendency of case renders habeas petition challenging pretrial detention moot); *see also Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) (finding convicted petitioner's claims for habeas relief premised on pretrial issues to be moot).

B.    28 U.S.C. § 2254

Any habeas challenge to a conviction would fall under 28 U.S.C. § 2254, but such relief is clearly premature here. McMullan has pleaded guilty and he is awaiting sentencing. Section 2254 requires a petitioner to "exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008). To satisfy the § 2254 exhaustion requirement, the substance of the federal claim must be "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004). McMullan is awaiting sentencing and he cannot demonstrate exhaustion of any § 2254 claims to the

highest state court.    For these reasons, any claims McMullan may be asserting under § 2254 should be dismissed as premature.    *See Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) (citations omitted) (finding "there is no doubt that a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete").

### III.    CONCLUSION

McMullan is no longer detained in the Jackson County Adult Detention Center awaiting trial.    He has pleaded guilty to the challenged criminal charge, and his pretrial detention is no longer in controversy.    Further, to the extent the Court could construe this as a 28 U.S.C. § 2254 habeas petition, McMullan fails to demonstrate exhaustion of his state court remedies.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, pro se Petitioner William Breck McMullan's Petition [1] for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED WITH PREJUDICE.**    Any claims for habeas relief under 28 U.S.C. § 2254 are **DISMISSED WITHOUT PREJUDICE.**    A separate final judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of June, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE